UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ERICH IVAN CROFT,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | 5:26-CV-05058-KES<br><br><br>ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS |

Petitioner, Erich Ivan Croft, an inmate at the United States Penitentiary in Pollock, Louisiana, filed a petition for writ of error coram nobis under 28 U.S.C. § 1651. Docket 1.[1]

## I.    Procedural Background

On January 6, 2010, Croft pleaded guilty to possession of stolen firearms, in violation of 18 U.S.C. §§ 2, 992(j), and 924(a)(2), and transportation of stolen firearms, in violation of 18 U.S.C. §§ 2, 922(i), and

---

[1] Croft did not file a motion for leave to proceed in forma pauperis or pay the civil filing fee. But neither is necessary here because courts in the Eighth Circuit have found that petitions for writ of coram nobis are not civil actions for purposes of the Prison Litigation Reform Act (PLRA), and, therefore, that the filing fee provisions do not apply. *See Whitehouse v. United States*, 2024 WL 5247760, at *2 n.1 (D. Neb. Dec. 30, 2024) (denying petitioner's motion for leave to proceed in forma pauperis as moot because a coram nobis petition is not a civil action for purposes of the PLRA); *Valentine v. United States*, 2024 WL 3202176, at *1 (E.D. Mo. June 26, 2024) (noting that the court has previously "found that no filing fee applies to a petition for writ of error coram nobis[]" and denying petitioner's application to proceed without prepayment of fees as moot).

924(a)(2). *United States v. Croft*, 5:08-CR-50136-KES-1, Docket 72; Docket 68 at 2 (D.S.D. 2008). On March 23, 2010, the court sentenced Croft to a total of 240 months in custody followed by 3 years of supervised release. *Id.* at Docket 74. Croft is currently serving his sentence at the United States Penitentiary in Pollock, Louisiana, and his projected release date is September 4, 2028. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 18, 2026).

Croft did not appeal his conviction or sentence. *Croft v. United States*, 5:11-CV-5073-RHB, Docket 3 at 1 (D.S.D. Mar. 22, 2012). But Croft filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id.* at Docket 1. Judge Battey denied Croft's § 2255 motion on two grounds. First, the motion was untimely because it was filed more than one year after his judgment of conviction became final. *Id.* at Docket 3 at 2–3. Judge Battey also determined that Croft had failed to demonstrate that he was entitled to relief due to ineffective assistance of counsel or alleged errors by the court during sentencing. *Id.* at 6–10. Judge Battey declined to issue a certificate of appealability. *Id.* at Docket 8 at 2. Croft filed a notice of appeal, and the Eighth Circuit Court of Appeals denied Croft's application for a certificate of appealability. *Id.* at Dockets 9, 13.

In 2021, more than eight years after the Eighth Circuit denied Croft's application for a certificate of appealability, Croft filed a second action challenging his conviction and sentence. *Croft v. United States*, 5:21-CV-05056-KES, Docket 1 (D.S.D. Sept. 10, 2021). Although Croft titled his petition as a

"Jurisdictional Challenge 2241[,]" the court construed the petition as a second motion to vacate under 28 U.S.C. § 2255 and dismissed the motion without prejudice because Croft had not obtained authorization from the Eighth Circuit to file a second § 2255 motion. *Id.* at Docket 23 at 1–2. Alternatively, the court ruled that to the extent Croft sought relief under 28 U.S.C. § 2241, the court did not have jurisdiction to consider his petition because Croft was not incarcerated in the District of South Dakota. *Id.* at 3–4.

Croft has now filed a petition for writ of error coram nobis challenging his sentence. *See* Docket 1 at 2–3, 13. Croft also takes issue with his plea deal and his sentence, *id.* at 4, and alleges ineffective assistance of counsel in connection with his sentencing, *id.* at 10.

## II.    Writ of Error Coram Nobis

A writ of error coram nobis is an "ancient common law remedy that modern federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a)." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018). "A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.' " *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting *United States v. Morgan*, 346 U.S. 502, 511–12 (1954)). But Croft is currently in federal custody, and Eighth Circuit case law "clearly precludes coram nobis relief to a federal prisoner." *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam); *Baranski*, 880 F.3d at 956 (recognizing that "*[c]oram nobis* relief is not

3

available to a federal prisoner while in custody[]"). "Because Petitioner is still serving the federal prison sentence that he is now attempting to challenge, he cannot challenge his sentence in a coram nobis proceeding." *Borrero v. United States*, 2008 WL 2357834, at *3 (D. Minn. June 5, 2008). Therefore, Croft's petition for writ of error coram nobis (Docket 1) is denied.

"A federal prisoner who is seeking post-conviction relief cannot use a petition for a writ of coram nobis as a substitute for a § 2255 motion." *Borrero*, 2008 WL 2357834, at *4 (citing *Noske*, 235 F.3d at 406). But even if the court liberally construes Croft's petition for writ of error coram nobis as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the court does not have jurisdiction to consider such a motion. Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief can only be filed in district court if it is authorized by the court of appeals. Without authorization, the district court must dismiss the petition. 28 U.S.C. § 2244(b)(4). Croft previously filed a motion under § 2255 seeking to vacate, set aside, or correct his sentence and that motion was denied. *Croft*, 5:11-CV-5073-RHB at Docket 3. Thus, Croft must obtain authorization from the Eighth Circuit Court of Appeals to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam) (holding that a district court lacks jurisdiction to consider a second or successive petition challenging his custody when the petitioner has not received authorization from the court of appeals). To the extent that Croft seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Croft's

4

motion is dismissed without prejudice for lack of subject-matter jurisdiction. Thus, it is

ORDERED that Croft's petition for writ of error coram nobis (Docket 1) is denied.

Dated May 19, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE