UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ERICH IVAN CROFT,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | 5:26-CV-05058-KES<br><br>ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Petitioner, Erich Ivan Croft, an inmate at the United States Penitentiary in Pollock, Louisiana, filed a petition for writ of error coram nobis under 28 U.S.C. § 1651. Docket 1. The court denied Croft's petition and entered judgment in favor of the United States. Dockets 3, 4. Croft filed a notice of appeal (Docket 5) and moves for leave to proceed in forma pauperis on appeal (Docket 6).

The Prison Litigation Reform Act (PLRA) requires that a "prisoner seeking to . . . appeal a judgment in a civil action or proceeding without payment of fees or security therefor, . . . shall" submit a certified prisoner trust account report (PTAR). 28 U.S.C. § 1915(a)(2). Croft did not submit a certified PTAR along with his motion for leave to proceed in forma pauperis on appeal. *See* Docket 6. The PLRA does not define "civil action or proceeding." Courts in the Eighth Circuit have consistently found that petitions for writ of error coram nobis are not civil actions for purposes of the PLRA, and, therefore, that the filing fee provisions

do not apply. *See Whitehouse v. United States*, 2024 WL 5247760, at *2 n.1 (D. Neb. Dec. 30, 2024) (denying petitioner's motion for leave to proceed in forma pauperis as moot because a coram nobis petition is not a civil action for purposes of the PLRA);*Valentine v. United States*, 2024 WL 3202176, at *1 (E.D. Mo. June 26, 2024) (noting that the court has previously "found that no filing fee applies to a petition for writ of error coram nobis[]" and denying petitioner's application to proceed without prepayment of fees as moot); *see also Adkins v. Callahan*, 143 F. App'x 930, 930–31 (10th Cir. 2005) (holding that a petition for writ of error coram nobis is not a "civil action" for purposes of § 1915(a)(2) and (b) because it is a step in the original criminal proceeding).

While Croft may not be required to file a certified PTAR, he still must comply with the other provisions of 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 to be permitted to proceed in forma pauperis on appeal, including the good faith requirements. *See* 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) (stating that a party may not proceed on appeal in forma pauperis if the district court "certifies that the appeal is not taken in good faith").

In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous." *Maddox v. Chisago Cnty. Sheriff Off.*, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962)). "Good faith in this context is judged by an objective standard and not

by the subjective beliefs of the appellant." *Id.* An appeal is frivolous and not taken in good faith "where it lacks an arguable basis either in law or in fact." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Under Federal Rule of Appellate Procedure 24(a)(1), unless a party was granted leave to proceed in forma pauperis in the district court, to appeal in forma pauperis, a party must submit in the district court an affidavit that "claims an entitlement to redress; and . . states the issues the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Croft was not granted leave to proceed in forma pauperis in this case. Docket 3 at 1, n.1. He has not presented an affidavit outlining the issues he intends to present on appeal or stating why he claims he is entitled to redress. *See generally* Dockets 5, 6. Specifically, Croft has not presented any argument or authority providing that coram nobis relief is available to a federal prisoner. Similarly, Croft has not presented any argument or authority providing that the court has jurisdiction to construe Croft's petition as a § 2255 motion to vacate, set aside, or correct his sentence when he has not obtained authorization from the Eighth Circuit Court of Appeals to file a successive § 2255 motion. Because Croft's appeal is legally frivolous, his motion for leave to proceed in forma pauperis on appeal (Docket 6) is denied. Accordingly, it is ORDERED:

1. That Croft's motion for leave to proceed in forma pauperis on appeal (Docket 6) is denied.

2. That Croft shall pay the $605 appellate filing fee to the Clerk of the United States District Court for the District of South Dakota or

move for leave to proceed in forma pauperis on appeal with the United States Court of Appeals for the Eighth Circuit in accordance with Fed. R. App. P. 24(a)(5).

Dated June 22, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4